UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
 Darnell Boatwright,                                                         SECOND
                                        Plaintiff,              Amended Complaint

        -against-                                              14cv6975(WFK)(RLM)

P.O. Joseph Weldon, Shield No. 3702; PO Aaron
Lohman, 113 Pct.; Sgt. Robert Bracero, 113 Pct.;                   CIVIL ACTION
PO John Doe, 1-5, Police Officers Jane Doe 6-10 Doe,
Corrections Officers 1-6, Captain CO Doe 7, NYC, et al.

                                        Defendants.
_____X

        **NOW COME** the Plaintiff, **DARNELL BOATWRIGHT,** by and through

his attorney, **D. Andrew Marshall, Esq.** for his Complaint against the

Defendants, respectfully shows to this Court and allege:


PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the

   Defendants' violations of his rights secured by the Civil Rights Act of 1871,

   Title 42 of the United States Code §1983, by the First, Fourth, Fifth, and

   Fourteenth Amendments to the Constitution of the United States, and the

   Constitution the State of New York, as well as the Charter, rules,

   regulations and ordinances of the City of New York.

2. Plaintiff is seeking compensatory damages, punitive damages and

   attorney's fees for violations of his civil rights by the defendants, their

   agents, servants and/or employees, while acting under color of law.

3. On or about April 27, 2012 at approximately 9:30 p.m. and all relevant

   times, in the vicinity of 201-18 109th Ave., County of Queens, City and State

of New York and thereafter inside of the 113th Precinct, the defendant police officers s conspired to violate the Plaintiff's constitutional and civil right rights by falsely arresting, falsely imprisoning and maliciously prosecuting Plaintiff.

4. Consistent with the 113th Precinct's policy and practice of executing search warrants and thereafter arresting all-persons-present, regardless of probable cause, the defendants did violate the Plaintiff's constitutional and civil right rights by having falsely arrested, falsely prisoned and maliciously prosecuted the claimant under Arrest No. Q12625114.

5. On the date and time in question, the defendants "perp-walked" the Plaintiff in the vicinity of 201-18 109th Ave, into a police van and drove him around for several hours before bringing him to the 113th PCT.

6. On the date and time in question, inside of the 113th PCT., the deliberately indifferent defendants held Plaintiff incommunicado as they processed his false arrest.

7. On the date and time in question, inside of the 113th Pct., the defendant police officers strip-searched/body-cavity searched the Plaintiff as "part of the [arrest] procedure."

8. After being processed at the 113th Precinct, the defendant police officers transported the Plaintiff to the custody of the NYC DOC at the Queens County Central Bookings.

9. While in the care and custody of the NYC DOC, Defendant Corrections Officers 1-5 subjected Plaintiff to a strip-search/body-cavity search.

2

10.  The defendant police officers thereafter maliciously prosecuted the Plaintiff in the Criminal Court of the City of New York, Queens County until the Queens County District Attorney dismissed the matter.

11. Defendant NYC is liable for the individual Defendants' acts under the theory of *respondeat superior*.

12. At the time of the incident, the individual defendants were acting under color of state law in the course and scope of their employment at the Defendant NYC and/or NYPD, and/or NYC DOC, departments of the Defendant NYC.

13. As a result of the aforementioned constitutional violations, Plaintiff suffered damages, including derivation of rights, as well as physical, emotional, mental and psychological pain and suffering.


<u>JURISDICTION</u>

14. That jurisdiction is founded upon the existence of a Federal Question.

15. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

16. That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity

secured to Plaintiffs by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983, and arising under the laws and statutes of the State of New York.

17. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seven-five thousand ($75,000.00) dollars.

## VENUE

18. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## JURY DEMAND

19. Plaintiff demands a trial by jury in this action.

## PLAINTIFF's INJURIES AND DAMAGES

20. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

   a)   Was deprived of his state and federal constitutional rights, liberties, privileges and immunities;

   b)   Suffered severe emotional and mental anguish and pain;

   c)   Suffered psychological injuries;

   d)   Suffered physical injuries;

   e)   Was publically shamed, disgraced, ridiculed and humiliated and suffered damage to his reputation;

   f) Continues to suffer severe emotional and mental anguish and pain;

   g)   Incurred other items of attendant damages.

4

<u>PARTIES:</u>

21. **Plaintiff Darnell Boatwright**, hereinafter "Plaintiff Boatwright," is a citizen of the United States and a resident of the County of Kings, City and State of New York.

22. The **Defendant the City Of New York**, hereinafter "Defendant NYC" was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

23. Upon information and belief, at all relevant times mentioned herein, Defendant NYC, its departments, agents, servants, and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled divisions of the NYPD, including, but not limited to the 113th PCT., as well as the Police Officers, assigned and/or stationed thereat.

24. Upon information and belief, at all times hereinafter mentioned, on or about April 27, 2012, and at all other relevant times, **Defendant P.O. Joseph Weldon, Shield No. 3702, 113th Pct.,** hereinafter "Defendant Weldon," was employed by Defendant NYC and NYPD at the 113th PCT., as a Police Officer. He is sued in his individual and official capacities.

25. Upon information and belief, at all times hereinafter mentioned, on or about April 27, 2012, and at all other relevant times, **PO Aaron Lohman**, hereinafter "Defendant PO Lohman," was employed by Defendant NYC and NYPD at the 113th PCT., as a Police Officer. He is sued in his individual and official capacities.

5

26.   Upon information and belief, at all times hereinafter mentioned, on or about April 27, 2012, and at all other relevant times, **Sgt. Robert Bracero**, hereinafter "Defendant Sgt. Bracero," was employed by Defendant NYC and NYPD at the 113th PCT., as a Police Officer with the rank of Sgt. with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

27.   Upon information and belief, on April 27, 2012, and at all other relevant times**, Defendant Police Officers John Doe 1-5**, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYPD at the 113th PCT. as Police Officers.  They are sued in their individual and official capacities.

28.   Upon information and belief, on April 27, 2012, and at all other relevant times, **Defendants Police Officers Jane Doe 6-10**, hereinafter "Defendants Doe 6-10," were employed by Defendant NYC and NYPD at the 113th PCT., as Police Officers.  They are sued in their individual and official capacities.

29.   Upon information and belief, on April 27, 2012, and at all other relevant times, **Defendants Corrections Officers John Doe 1-6** hereinafter "Defendants CO Doe 1-6," were employed by Defendant NYC and NYC DOC, as Corrections Officers.  They are sued in their individual and official capacities.

30.   Upon information and belief, on April 27, 2012, and at all other relevant times, **Captain CO Doe 7,** hereinafter "Defendant Captain Doe 7," were

6

employed by Defendant NYC and NYC DOC, as Corrections Officer with

the rank of Captain.  He is sued in his individual and official capacity.

31. As used herein, the terms "Police Officer" and Corrections "Officer" is

intended to refer to NYPD and NYC DOC officers in the general and not to

any specific rank, title, or position.

32.  Defendants Doe were employed by Defendant NYC, as Police Officers,

Corrections Officers or supervisors, whose true names and shield numbers

are presently unknown to Plaintiff.

33.   Each and all of the acts of the Defendants alleged herein were undertaken

by said Defendants while acting in the course and scope of their duties and

functions as agents, assignees, employees, servants, or officers of Defendant

NYC,  MYC DOC and NYPD when engaging in the conduct described herein.

34.   The Defendants were those officers employed by Defendant NYC who

conspired to and in fact did violate Plaintiff's civil and constitutional

rights.

<u>STATEMENT OF FACTS:</u>

35.   Upon information and belief, on April 27, 2012 the Defendant police

officers met at 113th PCT. and devised an alleged tactical plan for entering

into the 167-02 Baisley Blvd, Queens County, NY, the subject premises,

with a plan to arrest all the occupants of the subject premises regardless of

whether probable cause existed.

36.   Upon information and belief, the Defendant police officers knew or had

reason to know that the alleged tactical plan was in fact an agreement to

potentially deprive and violate the rights of individuals, including Plaintiff Boatwright, whom may merely be present with no criminality afoot to justify an arrest.

37.   Upon information and belief, when Defendant police officers entered the subject premises, the Plaintiff Boatwright was an invitee.

38.   That on about the evening of April 27, 2012 the Plaintiff Boatwright was in the backyard of 167-02 Baisley Blvd., Queens County, City and State of New York with other person gathered for a social function.

39.   That on about the evening of April 27, 2012 the Defendants police officers were present at or near the Subject Premises as part of their regular and official employment as police officers for the Defendant NYC and NYPD.

40.   Upon information and belief, the defendant police officers were present for the purpose of executing search warrant #Q348-12 for the subject premises.

41.Upon information and belief, that at all relevant times defendant police officers forcibly entered into the Subject Premises, with weapons drawn.

42.   Upon information and belief, the defendant police officers thereafter entered into the rear yard and encountered Plaintiff Boatwright seated at a table with several other invitees.

43.   Upon information and belief, the defendant police officers found Plaintiff Boatwright submitting to authority with hands flat and in plain-view on said table.

8

44.  That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

45.  Upon information and belief, that at all relevant times the defendant police officers recovered alleged marijuana from the person of a guest then and there seated at the same table where Plaintiff Boatwright was arrested.

46.  Upon information and belief, Plaintiff Boatwright was neither in actual nor constructive possession of any alleged contraband.

47.   Upon information and belief, the Defendants interrogated Plaintiff.

48.   Upon information and belief, Plaintiff provided Defendants with identification and sufficient information from which to glean that he was a guest.

49.  Upon information and belief, the defendant police officers deliberately disregarded the objective proof of Plaintiff's innocence, charged him with, *inter alia*, Criminal Possession of a Controlled Substance 3rd Degree, in violation of Penal Law 220.16(1) (BNVFO), and related felony charges.

50.  Upon information and belief, Plaintiff protested the cavalier treatment and was warned that his continued protests would worsen his situation.

51. Upon information and belief, the defendant police officers "perp-walked" Plaintiff from the subject premises into an waiting police transport vehicle as his neighbor residents looked on.

9

52.  Upon information and belief, the defendant police officers deliberately avoided driving directly to the precinct to process Plaintiff's false arrest.

53.  Upon information and belief, when the defendant police officers arrived at the 113th Precinct with Plaintiff, they arbitrarily subjected the Plaintiff to a body-cavity search.

54.  Upon information and belief, when the defendant police officers arrived at the Precinct with Plaintiff, they falsified reports that the Plaintiff had control and dominion over alleged contraband allegedly recovered inside of the subject premises.

55.  That at all relevant times, the defendant police officers knew or had reason to know that Plaintiff Boatwright had neither actual possession nor constructive possession of the said alleged contraband.

56.  That the defendant police officers, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff Boatwright and charged Plaintiff Boatwright with, *inter alia*,  Criminal Possession of a Controlled Substance 3rd Degree, in violation of Penal Law §220.16(1) and related felony charges.

57.  That the defendant police officers, thereafter proceeded to swear out a Criminal Court complaint alleging that Plaintiff  Boatwright, acting in concert with others, knowingly and intentionally possessed marijuana in violation of New York State Penal Law §221.10(1) Criminal Possession of Marijuana in the Fifth Degree, a Class B Misdemeanor.

10

58.  That as a consequence of the defendant police officers' conscious acts and deliberate omissions, Plaintiff Boatwright was arrested and transferred to the Queens County Central Booking.

59.  That while in the Queens County Central Booking, Plaintiff was in the care, control and custody of the NYC DOC and its Corrections Officers, including Corrections Officers 1-6 and Captain Doe 7.

60.  That as consequence of the defendant police officers' conscious acts and deliberate omissions, Defendants Corrections Officers Doe 1-6 subjected Plaintiff Boatwright to an arbitrary strip-search/body-cavity search wherein no contraband was recovered.

61.  That as a consequence of the defendant Police Officers' conscious acts and deliberate omissions, Plaintiff Boatwright was required to answer the above charges before the Criminal Court of the City of New York, Queens County.

62.  That as a consequence of the defendant Police Officers' conscious acts and deliberate omissions, in addition to the false charges being leveled against him, Plaintiff Boatwright was falsely arrested at in the 113th Precinct and otherwise deprived of his civil and constitutional rights.

63.  That as a consequence of the defendant Police Officers' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

64.  That at all relevant times, the defendant Police Officers' were malicious and reckless in their actions towards the Plaintiff because they knew that

the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

65.  That at all relevant times, the defendant Corrections Officers 1-6 were malicious and reckless in their actions towards the Plaintiff at the Queens Central Bookings because they knew or had reason to know that Plaintiff was charged with a misdemeanor, but never the less proceeded to subject him to an arbitrary strip-search/body-cavity search.


<u>PENDANT STATE CLAIMS:</u>

66.  That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages **has not** been served upon the Comptroller of Defendants the City of New York.

67.   That pursuant to §50(h) of the General Municipal Law hearings **have not** been held.

68.  That this action is not commenced within one year and 90 days after the cause of action arose.


FIRST CAUSE OF ACTION:
CIVIL RIGHTS ACTION 42 USC §1983
<u>ARREST</u>

69.  Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation

each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

70.  At all times relevant herein, the Defendant Police Officers were subject to 42 USC §1983.

71. Acting under the color of law, the Defendant Police Officers worked a denial of Plaintiff Boatwright's rights, privileges and immunities secured by the United States Constitution or Federal Law, to wit:

   a)  By depriving Plaintiff Boatwright of his liberty without due process of law, by taking him into custody and detaining him against his will;

   b)  By performing an unreasonable search of Plaintiff Boatwright's  person without due process of law;

   c)  By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff Boatwright equal protection of the law, and;

   d)  By refusing or neglecting to prevent such deprivation and denials to Plaintiff Boatwright.

72.  The Defendant Police Officers acted with deliberate indifference to Plaintiff Boatwright's rights, privileges and immunities.

73.  As a direct and proximate result of the Defendant Police Officers' acts and omissions, Plaintiff Boatwright was deprived of his rights, privileges and immunities under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

13

74. That at all relevant times, Defendant Police Officers separately, and in concert, while acting under color and pretense of law and with deliberate indifference:

   a) falsely detained, arrested and imprisoned Plaintiff Boatwright;

   b) filed a false arrest report and corresponding NYPD complaint inorder to further detain him;

   c) gave knowingly false statements or testimony in or for a criminal proceeding in order to prosecute him;

   d) failed to intercede on behalf of Plaintiff  Boatwright to prevent the Constitutional violations aforesaid, despite having an opportunity to do so;

   e) denied Plaintiff Boatwright equal protection of the law;

   f) engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff Boatwright;

   g) deprived Plaintiff Boatwright of liberty without due process of law; and

   h)  deliberately withheld from Plaintiff Boatwright the nature of the charges against him.

75. The Defendant Police Officers, by reasonable diligence, could have prevented the aforementioned wrongful acts from being committed.

76. The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Boatwright's injuries had they intervened in the aforementioned unlawful conduct and/or protected Plaintiff.

77. That the aforesaid actions and omissions violated 42 U.S.C. §1983.

14

78. That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SECOND CAUSE OF ACTION:
CIVIL RIGHTS ACTION 42 USC §1983
<u>DETENTION AND CONFINEMENT</u>

79. Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

80. As a result of the Defendant Officers' concerted and malicious detention and confinement of Plaintiff Boatwright, they deprived Plaintiff Boatwright of his rights to liberty without due process of law and to equal protection of the law, and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States and 42 USC §1983.

81. That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

THIRD CAUSE OF ACTION:
CIVIL RIGHTS ACTION 42 USC §1983
<u>FAILURE TO INTRVENE</u>

82. Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

15

83.  At all times relevant to this complaint, the Defendant Police Officers and Defendant Corrections Officers were acting under the direction of the Defendant Sgt. Bracero, Defendant Captain Doe 7 and Defendant NYC.

84.  Acting under the color of law and pursuant to the official policy or custom of the Defendant NYC and NYPD, Defendant Sgt. Bracero knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers under his charge to refrain from:

   a) Unlawfully and maliciously arresting, imprisoning and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

   b) Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the law of the State of New York, and;

   c) Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

85.  Those individual Defendant Police Officers and Defendant Corrections Officers that were present, but did not actively participate in the aforementioned unlawful conduct, observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein.

86.  Those individual Defendant Police Officers and Defendant Corrections Officers that were present, but did not actively participate in the

16

aforementioned unlawful conduct, failed to, *inter alia*, report the unlawful conduct alleged herein to supervisors.

87.  Those individual supervising Defendant Police Officers and Defendant Corrections Officers who were present, but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, and/or discipline any participant.

88.  As a direct and proximate result of this unlawful conduct, Plaintiff Boatwright sustained the damages herein alleged.

89.  That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FIFTH CAUSE OF ACTION:
*MALICIOUS ABUSE OF PROCESS*

90.  Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

91. The Defendant Police Officers issued legal process to place Plaintiff Boatwright under arrest.

92.  The Defendant Police Officers arrested Plaintiff Boatwright in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective

17

agencies, among other things.

93.     The Defendant Police Officers acted with intent to do harm to Plaintiff Boatwright without excuse or justification.

94.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

95.  That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SIXTH CAUSE OF ACTION:
*DENIAL OF SUBSTANTIVE DUE PROCESS*

96.  Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if set forth herein, and further alleges:

97.  The Defendant Police Officers' acts and omissions violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that the arbitrarily stopped, searched and seized Plaintiff Boatwright for having merely exercising of his constitutional rights, privileges and immunities to, inter alia, freely associate with his neighbor.

98.  By retaliating against individuals in the form of falsely arresting and through the initiation and pursuit of fabricated criminal charges against Plaintiff Boatwright which charges have directly resulted in his assault, battery, arrest, detention and prosecution, Defendant Police Officers intentionally and under

18

color of law have denied Plaintiff Boatwright his right to due process of law, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

99.   The Defendant Police Officers all knew or had reason to know the scope and limits of their legal authority, but deliberately exceeded it when they engaged Plaintiff Boatwright.

100. As a direct and proximate result of this unlawful conduct, Plaintiff Boatwright sustained the damages herein alleged.

101. That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


SEVENTH CAUSE OF ACTION:
*SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*


143. Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

144. Upon information and belief, on April 27, 2012 at all times relevant and material to this case, Defendant Sgt. Bracero and Captain CO Doe 7 had direct first-line supervisory responsibilities for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in

19

general and the Plaintiff in particular, who came into contact with the officers under his command.

145. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD and NYC DOC, including their directives and orders.

146. Defendant Sgt. Bracero and Captain CO Doe 7 was present at the subject locations on the date and time of occurrence giving rise to this claim.

147. At all times relevant to this complaint, the Defendant Police Officers and Corrections Officers were acting under the direction of the Defendant Sgt. Bracero, Defendant Captain CO Doe 7 and Defendant NYC.

148. Acting under the color of law and pursuant to the official policy or custom of the Defendant Sgt. Bracero, Defendant Captain CO Doe 7 and Defendant NYC failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers and Defendant Corrections Officers under their charge with respect to:

  a) Stopping, searching, seizing and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

  b) Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the law of the State of New York, and;

  c) Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

20

149. Defendants Sgt. Bracero and Captain CO 7 personally caused Plaintiff's deprivations and damages by being deliberately or consciously indifferent to the rights of Plaintiff in failing to properly supervise their subordinate employees regarding the care and custody, investigation and safeguarding of Plaintiff from abuse.

150. Defendants Sgt. Bracero and Captain CO 7 personally caused Plaintiff's deprivations and damages by being deliberately or consciously indifferent to the rights of Plaintiff in failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

151. Defendants Sgt. Bracero and Captain CO 7 personally caused Plaintiff's deprivations and damages by being deliberately indifferent to his subordinates' abuse of authority manifested by, *inter alia*, above mentioned stop, search and seizure of Plaintiff Boatwright without probable cause, reasonable suspicion or legal basis.

152. As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

153. That as a result of the foregoing, Plaintiff is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

EIGHTH CAUSE OF ACTION:
<u>MUNICIPAL LIABILITY</u>

154. Plaintiff Boatwright hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

155. Defendant NYC and the NYPD and NYC DOC, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to dragnet arrest of "all persons present search warrant" "all persons present search warrant", arbitrary strip-searches, racial profiling, stop and frisk, use of force, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

156. Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant NYC, through its agents, has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of dragnet arrest of "all persons present search warrant",  arbitrary strip-searches, roving pedestrian checkpoints for general crime control and indiscriminate stops, retaliatory stops, searches and seizures of persons, including without limitation Plaintiff Boatwright.

157. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of dragnet arrest of "all persons present search warrant" which essentially promotes the stopping, searching, questioning, and seizing, individuals without the reasonable articulable suspicion of criminality as required by the Fourth Amendment to the United States Constitution.

22

158. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of arresting and prosecuting individuals, including without limitation Plaintiff Boatwright, without probable cause to establish that a criminal offense has been or is being committed.

159. Defendant NYC has unlawfully vitiated the rights, privileges and immunities of a class or demographic segment within New York City, including without limitation Plaintiff Boatwright.

160. Defendant NYC has been deliberately indifferent to the impact and consequences of the arrest policy and practices.

161. Defendant NYC has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of false and/or retaliatory arrest practices.

162. The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant NYC, and/or NYPD and NYC DOC, but which is forbidden by the Constitution of the United States.

163. These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to: (a) the failure to adequately and properly, train, and supervise NYPD and NYC DOC officers; (b) the failure to properly and adequately monitor and discipline NYPD and NYC DOC officers; (c) the failure to adequately and properly screen and hire NYPD and NYC DOC

23

officers, and; (d)  the failure to rectify the NYPD and NYC DOC 's epidemic of baseless stops, seizures, questions, searches arrests and prosecutions for alleged crimes.

164. In addition, senior officials in the NYPD and NYC DOC are aware of and tolerate certain practices by subordinate employees.

165. Upon information and belief, the aforementioned practices constitute unwritten NYPD and NYC DOC policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

166. Defendant NYC through the NYPD and NYC DOC, has had, and still has hiring practices that it knows will lead to the hiring of police and corrections officers lacking the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

167. Defendant NYC through the NYPD and NYC DOC, has had, and still has supervisory practices that it knows will lead to lax supervision of police and corrections officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

168. Defendant NYC through the NYPD and NYC DOC, has had, and still has disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers whom willfully or negligently fail to discharge their duties in accordance with the Constitution of the United States.

24

169. Defendant NYC through the NYPD and NYC DOC is deliberately indifferent to the consequences of its ineptitude.

170. Defendant NYC through NYPD, have a de facto policy that invites, *inter alia*, unlawful stops, searches, seizures and prosecutions.

171. Defendant NYC through NYC DOC, have a de facto policy that invites, *inter alia*, unlawful searches which serve no penological goal or interest.

172. Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, *inter alia*, negligent investigations; the fabrication of evidence, and perjury.

173. Defendant NYC through the NYPD and NYC DOC have de facto policies that encourage competition among employees which fosters, *inter alia*, improper manipulation of subordinates.

174. Defendant NYC through the NYPD and NYC DOC's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer malfeasance or nonfeasance and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

175. Defendant NYC, at all relevant times, was aware that the individual Defendant Police Officers and Corrections Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

25

176. The Defendant NYC failed to properly and adequately investigate prior complaints filed against the individual Defendant Police Officers and Corrections Officers.

177. Defendant NYC, through the NYPD and NYC DOC, at all relevant times, was aware that the individual Police Officers and Corrections Officers were unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

178. The Defendant NYC, through a policy, practice and custom, directly and proximately caused Plaintiff's deprivations and damages.

179. Nevertheless, the Defendant NYC exercised deliberate indifference by failing to take remedial action.

180. The existence of the aforementioned customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against the Defendant NYC, including but not limited to the following cases:

   a) Lotorto v. City of New York, 10CV1223(ILG)(JMA) (USDC EDNY), (police officers beat, arrest and destroy a video recording of a bystander who was recording an arrest occurring n public);

   b) Schoolcraft v. City of New York, 10CV6005(RWS)(USDC SDNY), (police officer who exposed a precinct's policies  and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed tgo a psychiatric facility in retaliation for exposing said policies and practices to the press);

26

c) Long v. City of New York, 09CV60990(AKH)(USDC SDNY); People v. Pogan, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly swore out a false complaint and used excessive force is convicted of falsifying police records and was prosecuted for recklessly using physical force, the plaintiff was engaged in expressive conduct when he was as salted by the office); (police officer at the 24th precinct issues four (4) summonses to a woman for her lodging a complaint against him with the Civilian Complaint Review Board at the precinct)

d) Colon v. City of New York, (09CV0008)(USDC, EDNY); (police officers fired for falsifying evidence);

e) Taylor-Mickins v. City of New York, 09CV7923(RWS)(USDC SDNY);

f) Floyd, et al v. City of New York, (08 CV. 1034) (USDC SDNY) (SAS)

181. In addition, the following are City policies, practices and customs:

a) Falsely arresting innocent individuals, based on a pretext, in order to meet productivity goals;

b) Falsely swearing out criminal court complaints and/or lying and committing perjury during sworn testimony in order to protect other officers and to meet productivity goals;

c) Fabricating evidence against individuals;

d) Using and threatening the use of excessive force on individuals;

e) Retaliating against individuals who engage in free speech;

f) Ignoring the constitutional rights of the general public;

g) Ignoring the constitutional rights of the persons in their care and custody;

27

h) Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i) Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j) Inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k) Tolerating acts of brutality;

l) IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m) Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

n) Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has becomes ingrained in the defendants so to constitute a policy of Defendant NYC, and NYPD/NYPD;

o) Failing to intervene to prevent the above practices.

182. That as a result of the foregoing, Plaintiff Boatwright is entitled to actual, general, special and compensatory  damages against the defendant NYC, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §
1988.

NINTH CAUSE OF ACTION:
CIVIL RIGHTS ACTION 42 USC §1983
<u>STRIP SEARCH</u>

183.    Plaintiff Boatwright**,** hereby repeats, reiterates and re-alleges each and every
allegation contained in the proceeding paragraphs with the same force and effect
set forth herein, further alleges:

184.    Defendant Police Officers subjected Plaintiff Boatwright to a strip search of
his body, in a situation where there was no reason to believe that a weapon or
contraband had been concealed on or in his body, and thus deprived Plaintiff
Boatwright of both his right to privacy in his person and his right to equal
protection of the law, and the due course of justice was impeded, in violation of
the Fourth, and Fourteenth of the United States and 42 USC §1983.

185.    Defendant Corrections Officers also subjected Plaintiff Boatwright to a strip
search of his body, in a situation where there was no reason to believe that a
weapon or contraband had been concealed on or in his body, and thus deprived
Plaintiff Boatwright of both his right to privacy in his person and his right to equal
protection of the law, and the due course of justice was impeded, in violation of
the Fourth, and Fourteenth of the United States and 42 USC §1983.

186.    That as a result of the foregoing, Plaintiff Boatwright is entitled to actual,
general, special, compensatory and punitive damages against the defendants, and
attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §
1988.

29

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

a) Actual, general and compensatory damages against all Defendant, jointly and severally;

b) Punitive damages in an amount sufficient punish individual Defendants and to deter other like them from repeating the same offenses, jointly and severally;

c) Special damages to cover all medical expenses and pecuniary losses;

d) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

e) Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         The  2nd day of June 2015                /s/
                                          _____
                                          D. Andrew Marshall, Esq.
                                          Attorney for the Plaintiff
                                          225 Broadway, Suite 1804
                                          New York, New York 10007
                                          (212) 571-3030 (office)
                                          (212) 587-0570 (facsimile)
                                          marshall.law4@verizon.net

30